1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

12

## SOUTHERN DISTRICT OF CALIFORNIA

13

14  MICHAEL MCPHAIL; ROBERT BARR      )  Case No. 05cv0179 IEG (JMA)
    KIMNACH III; SCOTT and KRYSTIN    )
15  WAGNER; CANDACE and NEIL          )
    HURLEY; On Behalf of Themselves and )  **CLASS CERTIFICATION ORDER**
16  All Other Similarly Situated,     )
                                      )
17            Plaintiffs,             )  DEPT:    1, 4TH Floor
                                      )  JUDGE:   Hon. Irma E. Gonzalez
18        v.                          )
                                      )
19  FIRST COMMAND FINANCIAL           )
    PLANNING, INC., a Texas Corporation; )
20  FIRST COMMAND FINANCIAL           )
    SERVICES, INC., a Texas Corporation; )
21  LAMAR C. SMITH and HOWARD M.      )
    CRUMP,                            )
22                                    )
                                      )
23            Defendants.             )
                                      )
24                                    )
                                      )
25  _____

26

27

28

CLASS CERTIFICATION ORDER                        05cv0179 IEG (JMA)

1

1

## CLASS CERTIFICATION ORDER

2

It is hereby ORDERED that:

3

4

     1. Plaintiffs' motion for class certification is GRANTED.  This matter shall proceed as a

class action, under Federal Rule of Civil Procedure 23(b)(3), on behalf of the following Class:

5

6

> All persons who, during the period from January 31, 2000 through
> December 31, 2004, made a Systematic Investment Plan (SIP)
> payment so as to be charged a 50% sales charge on the money
> placed at that time into the SIP through First Command and still
> owned the SIP on December 15, 2004, and who did not terminate
> within forty-five (45) days of purchasing the SIP so as to receive a
> full refund of the sales charge.

7

8

9

10

     2.  This Class is certified for the resolution of all issues regarding the injury suffered by

the Plaintiffs as a result of the Defendants' conduct, alleged in the complaint, including:

11

12

(a) Making false statements and material omissions about the effectiveness, benefits and

13

    opportunity costs in the 50% first year sales load in connection with the sale of Systematic

14

    Investment Plans.

15

(b) Making false statements and material omissions with respect to other mutual fund investments

16

    in connection with the sale of Systematic Investment Plans.

17

(c) Making false statements and material omissions in First Command's "Holding Period Chart"

18

    and the "Stable Cash Flow Chart," used in the sale of Systematic Investment Plans.

19

(d) Engaging in the fraudulent sales practice of making the Systematic Investment Plan appear to

20

    be the only suitable investment vehicle for each individual.

21

22

     3.  The Class is CERTIFIED for the resolution of all claims contained in the Consolidated

23

Third Amended Complaint, filed in accordance with the Court's Order, and defenses alleged in

24

the Defendants' Answer to the Consolidated Third Amended Complaint, dated August 22, 2007,

25

26

including:

27

   (a) Claims:

28

CLASS CERTIFICATION ORDER                                    05cv0179 IEG (JMA)

- That the Defendants First Command Financial Services, Inc., First Command Financial Planning Inc., Lamar Smith ("Smith") and Howard Crump ("Crump") jointly and severally  violated section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 by making false and misleading statements, omitting materially adverse facts necessary to prevent statements from being misleading, employing devices, schemes and artifices designed to defraud, and engaging in business practices that operated as fraud or deceit, in connection with the sale and marketing of First Command Systematic Investment Plans; and

- That First Command Financial Services, Inc., the parent corporation of First Command Financial Planning, Inc., and the individual Defendants, Smith and Crump, and each of them, jointly and severally violated section 20(a) of the Securities Exchange Act of 1934 as culpable participants in the scheme to defraud Class Members.  By means of their actual power, influence, ability to control and control over First Command Financial Planning, Inc., First Command Financial Services, Inc., Smith and Crump   induced a violation of the securities laws through their participation in and influence over the operations of First Command Financial Planning, Inc. that led to the omission of materially adverse facts necessary to prevent statements from being misleading, employment of devices, schemes and artifices designed to defraud, and participation in business practices that operated as fraud or deceit, in connection with the sale and marketing of the Systematic Investment Plans ("SIPs") with the full knowledge of the existence of the facts for which liability of First Command Financial Planning, Inc. is being sought.   As a result of the above, First Command Financial Planning, Inc. was a mere agency and instrumentality of First Command Financial Services, Inc., Smith and Crump, and each of them, pursuant

CLASS CERTIFICATION ORDER                              05cv0179 IEG (JMA)

to which the single business enterprise of SIP sales was being conducted. As a result of the above, First Command Financial Planning, Inc., First Command Financial Services, Inc., Smith and Crump functioned as a single business enterprise with regard to SIP sales.

(b) Defenses:[1]

- That the Defendants were justified in all conduct alleged in the Consolidated Third Amended Complaint;

- That the Plaintiffs are barred from recovery based on the truth of the Defendants' statements;

- That the statements were not false because they were based on projections;

- That the Defendants made the alleged misstatements in good faith and with a reasonable belief in their factual basis;

- That the Defendants did not employ any devices, schemes or artifices to defraud, engage in any acts or practices which operated as fraud upon the Plaintiffs;

- That members of the Plaintiffs' Class are barred from recovery because the allegedly excessive sales loads were disclosed to them;

- That members of the Plaintiffs' Class are barred from recovery because they independently made the decision to terminate SIPs at an early date;

---

[1] Plaintiff's proposed order simply set forth most of the defenses enumerated in the Defendant's Answer to the Second Amended Complaint. (See Pl's Submission of Proposed Class Cert. Order, at 4-6.) The Plaintiff's subsequently indicated in their reply to the Defendant's Objections to the Proposed Order that they did not contest the addition other defenses included in the Defendant's Answer to the Second Amended Complaint which were omitted from the Plaintiff's proposed order. (Reply to Def. Obj. to Pl.'s Proposed Class Cert. Order, at 4.) Since submission of the proposed order, Plaintiff's have filed a Consolidated Third Amended Complaint and the Defendant's have filed an Answer. Based on the foregoing, the Court's Order includes all defenses asserted by the Defendants in their Answer to the Third Amended Complaint.

CLASS CERTIFICATION ORDER                          05cv0179 IEG (JMA)

4

- That members of the Plaintiffs' Class are barred from recovery because any false or misleading statements fell within the safe harbor provision of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-c(2);

- That members of the Plaintiffs' Class are barred from recovery because any false or misleading statements were accompanied with sufficient cautionary material to invoke the "bespeaks caution" doctrine;

- That members of the Plaintiffs' Class are barred from recovery because they lack standing;

- That members of the Plaintiffs' Class are estopped from recovery because Plaintiffs assumed the risk of any loss, based on advisory documents provided to them;

- That members of the Plaintiffs' Class are barred from recovery because the allegedly misleading statements were rebutted by publicly available information;

- That members of the Plaintiffs' Class are barred from recovery because there is no underlying violation of securities law or, in the event there is, the individual defendants did not have the power to direct the individual(s) responsible for such violations;

- That Defendants are entitled to have any relief reduced by virtue of the doctrine of recoupment;

- That members of the Plaintiffs' Class are barred from recovery because the misleading statements were non-actionable vague or indefinite opinions;

- That members of the Plaintiffs' Class are barred from recovery because they did not rely on any misstatements and in any event, knew or should have known through due diligence that statements were false or misleading;

- That members of the Plaintiffs' Class are barred from recovery because they had actual or constructive knowledge of the misleading statements at the time they purchased the securities;

- That members of the Plaintiff's Class are barred from recovery because damages that plaintiffs seek represent damages other than damages resulting from such statements or omissions (with respect to which the liability of defendants is asserted) not being true or omitting to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

- That members of the Plaintiff's Class are barred from recovery because the damages that plaintiffs seek were not caused by any statement, omission, or other action by any defendant, and therefore plaintiff's cannot establish loss causation.

- That members of the Plaintiffs' Class are barred from certain aspects of recovery because they failed to mitigate damages;

- That members of the Plaintiff's Class are barred from recovery because the conduct alleged as wrongful or illegal did not occur in the connection with the offer, purchase, or sale of a security.

- That members of the Plaintiffs' Class are barred from recovery because the statute of limitations had run;

- That the Defendants have no knowledge of or reasonable ground to know of the existence of any Defendant as a purported control person;

- That members of the Plaintiffs' Class are barred from recovery because the Defendants did not have scienter with respect to false or misleading statements or with respect to the material omissions;

1   • That members of the Plaintiffs' Class are barred from recovery because their beliefs

2   are unreasonable;

3   • That members of the Plaintiffs' Class are barred from recovery by means of waiver

4   and estoppel.

5

6   • That members of the Plaintiff's Class are barred from recovery because this action is

7   not maintainable as a class action.

8   • That members of the Plaintiff's Class are barred from recovery because plaintiff's

9   cannot prove facts necessary to satisfy the numerosity requirement of Fed. R. Civ. P.

10   23(a)(1);

11

12   • That members of the Plaintiff's Class are barred from recovery because plaintiffs have

13   failed to allege and cannot prove facts necessary to satisfy the commonality

14   requirement of FED. R. CIV. P. 23(a)(2).

15   • That members of the Plaintiff's Class are barred from recovery because plaintiffs have

16   failed to allege and cannot prove facts necessary to satisfy the typicality requirement

17   of FED. R. CIV. P. 23(a)(3).

18

19   • That members of the Plaintiff's Class are barred from recovery because plaintiffs have

20   failed to allege and cannot prove facts necessary to demonstrate that the named

21   plaintiffs and class counsel are adequate class representatives under FED. R. CIV. P.

22   23(a)(4).

23   • That members of the Plaintiff's Class are barred from recovery because plaintiffs have

24   failed to allege and cannot prove facts necessary to demonstrate that common

25   questions of fact or law predominate over individual issues under FED. R. CIV. P.

26

27   23(b)(3).

28

CLASS CERTIFICATION ORDER                    05cv0179 IEG (JMA)

1

2

3

4

- That members of the Plaintiff's Class are barred from recovery because plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that a class action suit would be the superior method of adjudication under FED. R. CIV. P. 23(b)(3).

5

6

- That members of the Plaintiff's Class are barred from recovery because maintenance of this suit as a class action would violate the Rules Enabling Act, 28 U.S.C. § 2072.

7

8

9

10

- That members of the Plaintiff's Class are barred from recovery because maintenance of this suit a class action would violate defendants' due process rights under the Fifth Amendment.

11

12

13

- That members of the Plaintiff's Class are barred from recovery because maintenance of this suit as a class action would violate defendants' Seventh Amendment right to a jury trial.

14

15

    4.  For reasons more fully stated in the Memorandum Opinion this Court entered on July 30, 2007, and incorporated by reference into this Order, the Court finds:

16

17

(a) The Class is so numerous that joinder is impracticable.

18

19

(b) The following questions of fact and law are common to all the Class Members as defined above:

20

21

22

23

24

25

- Whether the Defendants jointly or severally engaged in a course of action and pattern of activities, omissions and knowing misrepresentations which violated their duties under Section 10(b) of the 1934 Act and Rule 10b-5 to honestly disclose all material information concerning the Systematic Investment Plan ("SIP")?

26

27

28

- Whether the Defendants conduct caused the Plaintiffs and the Members of the Class to suffer damages in the form of the 50% front-end sales load in connection with the purchase of a SIP?

- Whether the Defendants are jointly and severally liable under Section 20(a) of the 1934 Act as culpable participants in the scheme to defraud Class Members by reason of their actual power, influence, ability to control and control over First Command Financial Planning, Inc., their direction of the management and policies of First Command Financial Planning, Inc. that resulted in the omission of materially adverse facts necessary to prevent statements from being misleading, the employment of devices, schemes and artifices designed to defraud, and participation in business practices that operated as fraud or deceit, in connection with the sale and marketing of the Systematic Investment Plans  ("SIPs") with the full knowledge of the existence of the facts for which liability of First Command Financial Planning, Inc. is being sought?

- Whether, as the result of the above, First Command Financial Planning, Inc. was an agency and instrumentality of First Command Financial Services, Inc., Smith and Crump, and each of them?

- Whether, as a result of the above, First Command Financial Planning, Inc., First Command Financial Services, Inc., Smith and Crump functioned as a single business enterprise with regard to SIP sales?

(c) Plaintiffs Michael McPhail; Robert Barr Kimnach III; Scott and Krystin Wagner; and Candace and Neil Hurley shall serve as Class Representatives.

(d) The Class Representatives' common questions of fact and law described in paragraph 4(b) are typical of each Class Member.

(e) The Class Representatives will adequately represent the Class, since they are represented by qualified counsel, and since they do not have antagonistic or conflicting interest with other members of the Class.

CLASS CERTIFICATION ORDER                          05cv0179 IEG (JMA)

1  (f) The common question of fact and law set forth in paragraph 4(b) predominate over any

2     individual issues that Class Members may have.  These common questions of fact and law can

3     be tried on a class basis, using common proof.

4

5  (g) A class action is the superior method to the adjudication of this controversy.

6         5.  Plaintiffs were previously granted leave to file a Third Amended Complaint pursuant to

7  the Court's July 30, 2007 Order.

8         6.  The law firms of Blumenthal & Nordrehaug, Greco & Traficante, Whatley Drake &

9  Kallas, LLC, Gray & White, and Brewer & Carlson, LLC can fairly and adequately represent this

10 Class, and shall serve as co-counsel for the Class.

11        7.  The parties shall confer within 20 days of the date of this Order, regarding the form and

12 content of the notice to be disseminated by this Court.  If the parties agree on the form and

13 content of a proposed notice, Plaintiffs shall submit a proposed form of notice to this court within

14 30 days of the date of this Order.  If the parties cannot reach an agreement, within 30 days of the

15 entry of this Order, Plaintiffs shall submit a proposed order to this Court and Defendants shall

16 submit their objections to the proposed form of notice.  In addition, within 30 days of this order,

17 Defendants shall provide Plaintiffs with a complete list of Class Members in order to facilitate

18 dissemination of personal notice.

19

20        **IT IS SO ORDERED.**

21

22 Dated: _September 19, 2007_

23                                              Irma E. Gonzalez, Chief Judge
                                               United States District Court
24                                             Southern District of California

25

26

27

28

CLASS CERTIFICATION ORDER                    05cv0179 IEG (JMA)