1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MICHAEL MCPHAIL; ROBERT BARR KIMNACH III; KEVIN and JENNIFER MORRISON; SCOTT and KRYSTIN WAGNER; CANDACE and NEIL HURLEY; On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>FIRST COMMAND FINANCIAL PLANNING, INC., a Texas Corporation; FIRST COMMAND FINANCIAL SERVICES, INC., a Texas Corporation; LAMAR C. SMITH and HOWARD M. CRUMP,<br><br>                    Defendants. | Case No. 05CV0179 IEG (JMA)<br><br>**ORDER (1) GRANTING LEAVE TO FILE AMENDMENT TO THIRD AMENDED COMPLAINT (2) GRANTING PLAINTIFFS' UNOPPOSED MOTION TO MODIFY THE CLASS DEFINITION CONTAINED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION [DOCKET NO. 184; <u>SEE</u> <u>ALSO</u> DOCUMENT NO. 175].**<br><br>Judge: Irma E. Gonzalez |

GOOD CAUSE APPEARING THEREFROM, the Plaintiffs' Unopposed Motion to Modify the Class Definition Contained in the Court's Order Granting Class Certification [Docket No. 184; <u>see also</u> Docket No. 175]; and For Leave To File An Amendment To The Third Amended Complaint is GRANTED, and its terms are adopted. The Court hereby orders that:

   1.    The Court's Order Granting Class Certification [Docket No. 184] is modified

to change the class definition found at page 1, lines 6 through 9 to the following definition:

> For a Systematic Investment Plan (SIP) sold through First Command, all persons who: (1) made a SIP payment during the period from January 31, 2000 through December 31, 2004 so as to be charged a 50% sales charge on the money placed at that time into the SIP, OR who increased the face amount of an existing SIP and were charged a 50% sales charge on the increased amount during the period from January 31, 2000 through December 31, 2004; AND (2) still owned the SIP on December 15, 2004; AND (3) did not terminate within forty-five (45) days of purchasing the SIP so as to receive a full refund of the sales charges.  Excluded from this class definition is any person who, from January 31, 2000 to the present, is/was an officer, director, employee, registered representative or agent of First Command Financial Services, Inc. or First Command Financial Planning, Inc., or any employee or family member of the foregoing excluded persons.  Also excluded from this class definition is any person who paid less than a 50% sales charge due to an initial investment or an increase in the face amount of an investment that qualified as a break-point, as defined in the SIP's prospectus.

2. The Court's order granting plaintiffs' motion for class certification [Docket No. 175] is modified to change the class definition found at page 25, lines 8 through 10 to the following definition:

> For a Systematic Investment Plan (SIP) sold through First Command, all persons who: (1) made a SIP payment during the period from January 31, 2000 through December 31, 2004 so as to be charged a 50% sales charge on the money placed at that time into the SIP, OR who increased the face amount of an existing SIP and were charged a 50% sales charge on the increased amount during the period from January 31, 2000 through December 31, 2004; AND (2) still owned the SIP on December 15, 2004; AND (3) did not terminate within forty-five (45) days of purchasing the SIP so as to receive a full refund of the sales charges.  Excluded from this class definition is any person who, from January 31, 2000 to the present, is/was an officer, director, employee, registered representative or agent of First Command Financial Services, Inc. or First Command Financial Planning, Inc., or any employee or family member of the foregoing excluded persons.  Also excluded from this class definition is any person who paid less than a 50% sales charge due to an initial investment or an increase in the face amount of an investment that qualified as a break-point, as defined in the SIP's prospectus.

3. Plaintiffs are granted leave to file an Amendment to the Third Amended Complaint, amending paragraph 81 to read as follows:

/ / /

81. The class period is January 31, 2000 through December 31, 2004 ("class period"). Plaintiffs bring this action as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who qualify under the following class definition:

> For a systematic investment plan (SIP) sold through First Command, all persons who: (1) made a SIP payment during the period from January 31, 2000 through December 31, 2004 so as to be charged a 50% sales charge on the money placed at that time into the SIP, OR who increased the face amount of an existing SIP and were charged a 50% sales charge on the increased amount during the period from January 31, 2000 through December 31, 2004; AND (2) still owned the SIP on December 15, 2004; AND (3) did not terminate within forty-five (45) days of purchasing the SIP so as to receive a full refund of the sales charges. Excluded from this class definition is any person who, from January 31, 2000 to the present, is/was an officer, director, employee, registered representative or agent of First Command Financial Services, Inc. or First Command Financial Planning, Inc., or any employee or family member of the foregoing excluded persons. Also excluded from this class definition is any person who paid less than a 50% sales charge due to an initial investment or an increase in the face amount of an investment that qualified as a break-point, as defined in the SIP's prospectus.

4. The Amendment to the Third Amended Complaint shall be filed within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 18, 2007

Honorable Irma E. Gonzalez
Chief Judge, United States District Court