# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCPHAIL; ROBERT BARR KIMNACH III; SCOTT and KRYSTIN WAGNER; CANDACE and NEIL HURLEY; On Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>FIRST COMMAND FINANCIAL PLANNING, INC., a Texas Corporation, FIRST COMMAND FINANCIAL SERVICES, INC., a Texas Corporation, LAMAR C. SMITH and HOWARD M. CRUMP<br><br>Defendants. | CASE NO. **05 CV 0179 (IEG)**<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES TO CLASS COUNSEL** |

This matter having come before this Court for hearing, pursuant to the order of the Court dated November 10, 2008, on the application of Plaintiffs for consideration of approval of the settlement and for consideration of the award of attorneys fees, costs and litigation expenses. Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.   The Court determines that an award of attorneys' fees and costs to Class Counsel

under the common fund doctrine in the collective amount of $3,500,000, representing 30% of the first $10 million in settlement value and 25% of the additional $2 million in settlement value, is fair, reasonable and appropriate. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter. After deduction of the litigation expenses, the attorneys' fees requested awarded equates to 22.37% of the total Settlement value. Broken down, the requested litigation expenses are $815,850.17, and the requested attorneys' fees are $2,684,149.83. Class Counsel expended over 11,500 hours prosecuting this action for a total lodestar of more that $4,800,000, which confirms the reasonableness of the requested award because Class Counsel's requested fee award is less than the total lodestar. An award of attorney's fees in this amount compares favorably to the accepted benchmark of attorney's fees awards in common fund cases such as this one.

    2.    The substantial recovery obtained and the results achieved, along with the risks of the litigation, the skill required, quality of the work, the contingent nature of the fee, the financial burden carried by Class Counsel, and awards made in similar cases, all justify the requested attorneys' fee and cost award. The work of class counsel on behalf of the Class resulted in the creation of a common fund with a total settlement value of $12,000,000.00.

    3.    Class counsel prosecuted this case on a contingent basis. The Court finds that there is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis. The attorney being paid by the hour can go to the bank with his fee. The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee taking into account the risk of the undertaking. Otherwise, the contingent fee attorney receives nothing. Class Counsel subjected themselves to this contingent fee market risk in this all or nothing contingent fee case wherein the necessity and financial burden of private enforcement makes the requested award of one-third of the settlement value to the Class appropriate.

    4.    At the time this case was brought, the result was far from certain. The Defendants'

practice at issue here had been in place for decades and Defendants' numerous defenses to the case created difficulties with proof and novel legal issues for class counsel to overcome.  The very substantial risks of this litigation could have resulted in the Class receiving nothing if the claims were litigated.

5.      In prosecuting this action, Class Counsel displayed the exemplary skill and expertise that is necessary to successfully prosecute this wage and hour class action which involved novel and difficult issues.  In opposing the capable firm of Cooley Godward LLP on a contingent fee basis, class counsel had to forego other employment on other cases so as to devote the necessary time and resources to this case.

6.      The Court finds that the named Plaintiffs performed their duties and roles as the class representatives admirably.  The Court hereby awards the named Plaintiffs reimbursement of their reasonable costs and expenses relating to the representation of the Class, as allowed by 15 U.S.C. § 78u-4(a)(4), as follows: (1) Michael McPhail - $10,422.30; (2) Robert Kimnach - $9,380.96; (3) Candace Hurley - $3,867.72; (4) Neil Hurley - $923.20; (5) Scott Wagner - $3,149.96; and (6) Krystin Wagner - $2,073.00.  These declarations establish the cost and expense expended by Plaintiffs directly on the representation of the Class and the prosecution of the action, along with the evidence as to the applicable pay rate for the Plaintiffs.  The Court finds these reimbursement awards to be fair, reasonable and appropriate.

7.      The Court further finds that class counsel advanced costs and incurred expenses in the amount of $815,850.17 on behalf of the Class.  These costs and expenses were reasonably necessary in the prosecution of the matter, and therefore, the Court awards class counsel $815,850.17 for reimbursement of costs and expenses, which is included in the total award of fees and costs in the amount of $3,500,000.00.

8.      For all of the above reasons, the Court hereby awards $3,500,000.00  to Class Counsel as attorneys' fees, costs and litigation expenses, to be paid in accordance with the terms of the

Stipulation and Settlement Agreement and as set forth herein above, awards cost and expense reimbursement to the Plaintiffs as follows: (1) Michael McPhail - $10,422.30; (2) Robert Kimnach - $9,380.96; (3) Candace Hurley - $3,867.72; (4) Neil Hurley - $923.20; (5) Scott Wagner - $3,149.96; and (6) Krystin Wagner - $2,073.00, and approves payment in the amount of $ 754,001.67 to Gilardi & Co. for their services as claims administrator.

**IT IS SO ORDERED.**

**DATED: March 30, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**